IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.:  4:11-CR-0434 |
| | ) | |
| Plaintiff, | ) | JUDGE SOLOMON OLIVER |
| vs. | ) | |
| | ) | |
| DWAYNE PEACE, | ) | MOTION FOR COMPASSIONATE |
| | ) | RELEASE |
| Defendant. | ) | |

Now comes DWAYNE PEACE, Register Number 57484-060, pursuant to 18 U.S.C. Section 3582(c)(1)(A)(i), Section 1B1.13 of the US Sentencing Guidelines, BOP program statement 5050.50 and 28 CFR Section 571.61 and through his counsel seeks this Court to grant him compassionate release from United States Penitentiary Atlanta, GA Federal Prison to time served or home confinement.

Dwayne Peace was arrested on October 25, 2011, and has been held in custody since that time.  Dwayne Peace pleaded guilty, and was subsequently sentenced on May 31, 2013, at which time, Dwayne Peace was taken into federal custody.  Dwayne Peace was sentenced to serve Two-Hundred-Sixteen (216) months in custody for 21 USC 846 Conspiracy to Distribute Cocaine.  Dwayne Peace is Forty-Five (45) years old.  Mr. Peace's release date is May 17, 2027. Mr. Dwayne Peace has served approximately 50% of his sentence.  Mr. Peace, having served nearly nine (9) years' incarceration for his conviction, has an Acute form of Asthma, documented in his long-standing medical records. Unequivocally, Mr. Peace's medical condition places him in the most vulnerable group for susceptibility to the coronavirus and serious medical complications from that disease.

Counsel has requested compassionate release from the Warden at Atlanta USP Federal Prison facility. Although thirty (30) days have not elapsed from this request, this Court can act without waiting for the thirty days to elapse since the BOP will not be able to respond to his request within that time. *Cf. FDIC v. Scott*, 125 F.3d 254, 258 (5th Cir. 1997) [when an exhaustion step is futile, the Court may waive the requirement]. Further, under this Court's supervisory powers the Court may formulate procedural rules not specifically required by the Constitution to implement a remedy for recognized rights. *United States v. Santana,* 6 F.3d 1, 10 (1st Cir. 1993). The President of the United States has declared a state of emergency because of the threat of the coronavirus to the lives of those in federal prison and is considering releasing persons such as Dwayne Peace. Thus, this Court may act before thirty days from Dwayne Peace's request of BOP to file this motion has elapsed.[1]

DWAYNE PEACE is a person with regard to whom compassionate release is appropriate. Counsel is in the process of obtaining his BOP medical records to further support this motion for compassionate release. Coronavirus is known to cause serious health complications for the inmates who have medical conditions that may be deadly to those persons who contract the disease. If Dwayne Peace is not released from the facility, the virus and his underlying medical issues, put him at grave risk of contracting the disease and suffering serious health complications. Contracting the coronavirus in prison might be a death sentence for Dwayne Peace. Should he be left in the facility, he will remain in a vulnerable situation.

---

[1] The First Step Act allows counsel to request release directly from the Court after Defendant has made the request of the Bureau of Prisons to the Warden of the facility imprisoning Dwayne Peace, which Defendant Dwayne Peace personally requested.

A case of Coronavirus has been discovered from a Case Manager of the Atlanta USP Federal Penitentiary.[2] This employee worked in the facility and presumably had contact with corrections officers and other employees, including staff, and perhaps inmates in the facility. *Id.* This discovery of this employee had contracted the virus after being found dead in her home on April 17, 2020. *Id.*

In another federal facility housing immigration detainees, an ICE employee tested positive on March 19, 2020 with the Coronavirus.[3] The coronavirus is a particular threat to prison populations because of the circumstances of confinement and the inmates' close proximity to each other.[4].

In the District of Oregon, federal Chief Judge Mario Hernandez varied downward from a sentence of imprisonment in two cases to a sentence of home confinement, because of the pandemic. The New Jersey Supreme Court Chief Justice entered an order on March 23, 2020; with the agreement of country prosecutors, the Attorney General, and Public Defenders; for the commutation or suspension of sentences to release approximately 1000 low risk persons serving jail sentences. The International Association of Chiefs of Police told ABC news that police are scaling back arrests for low-level offenses to limit officer exposure. Sheriff David Mahoney, with the National Sheriffs' Association is working with local, state, and federal partners "to decrease the number of people who are physically arrested and brought to jail."

As of this past Sunday, the Bureau of Prisons said 495 federal inmates and 309 staffers have tested positive for COVID-19 nationwide. A total of 155 inmates and 29 staff have recovered from the disease, while 21 inmates have died. Since Attorney General William Barr encouraged

---

[2] https://www.cbsnews.com/news/coronavirus-federal-prisons-confirm-first-staff-death-linked-to-covid-19-robin-grubbs-usp-atlanta/
[3] https://www.themarshallproject.org/2020/03/19/first-ice-employee-tests-positive-for-coronavirus
[4] https://www.businessinsider.com/trump-consider-coronavirus-executive-order-federal-prisons2020-3

3

the use of home detention on March 21, a total of 1,280 inmates have been sent to home confinement.

The specific conditions at the Atlanta USP Federal Prison are not conducive to the safe housing of prisoners who are serving out their sentences.  It has been reported purportedly from staff that the facility has six staff and 12 inmate positive cases for COVID-19.  The BOP publicly reported that three staff and eight inmate positive cases. The Atlanta USP facility's structure and physical of prison layout that increase risk for spread of the virus and prevent those who are at risk from being able to engage in social distancing and self-quarantine precautions as recommended by the CDC such as shared toilet and sink use within individual, shared cells; the number of individuals held together in an individual cell, and in a housing unit; shared shower facilities, restrictions on movement, size of individual cells and shared spaces, etc. Prison Inmates housed there have limited access to personal hygiene items such as tissues, soap, disinfectant, or hot water, shared phones, and limited laundry and clothing which prevent individuals from taking recommended precautions to minimize the spread of the virus.

The Atlanta USP lacks the resources necessary to engage in screening and testing of inmates, correctional staff, law enforcement officers and other care and service providers who enter the facility.

As additional people are arrested who have been out in the community as the coronavirus spreads, if they are not symptomatic, they will be brought into the Atlanta USP and held with the existing population, potentially bringing COVID-19 into this population held in large numbers, close quarters, and low sanitary conditions.

Persons with underlying health conditions, regardless of their age, are in a high-risk group for serious complications from the coronavirus. DWAYNE PEACE has such underlying health conditions: which is Acute form of Asthma.

The BOP web site states that his current release date is May 17, 2027. Therefore, at this time, he has served nearly 50% of his sentence. DWAYNE PEACE was deemed to have no risk of reoffending at the time he was sentenced and is at no risk of reoffending now.  He has been incarcerated for a period of 9 years. He poses no risk to the safety of the community.

We respectfully request that this Court grant his release to time served or a sentence of home confinement.

Respectfully submitted,

s/ Myron P. Watson
**MYRON P. WATSON, ESQ. (0058583)**
1144 Rockefeller Bldg.
614 West Superior Avenue
Cleveland, Ohio 44113
(216) 274-1100
(216) 575-7664 (Fax)
myronwatson@ymail.com
**Attorney for Dwayne Peace**

## CERTIFICATE OF ELECTRONIC FILING

The undersigned hereby certifies that, on April 24, 2020, he caused to be electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to all required parties, including the U.S. Attorney's Office.

s/ Myron P. Watson
**MYRON P. WATSON, ESQ.**
**Reg. No. 0058583**
*Attorney for Dwayne Peace*