UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.: 4:11 CR 434 |
| | ) | |
| Plaintiff | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| DWAYNE L. PEACE, | ) | |
| | ) | |
| Defendant | ) | <u>ORDER</u> |

Currently pending before the court in the above-captioned case is Defendant Dwayne L. Peace's ("Defendant" or "Peace") Motion for Compassionate Release ("Motion") (ECF No. 52). For the reasons that follow, the court denies Defendant's Motion.

### I. BACKGROUND AND PROCEDURAL HISTORY

On September 21, 2011, a federal grand jury in the Northern District of Ohio charged Peace with conspiracy to possess with intent to distribute and to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 846 ("Count One") and distribution of cocaine base (crack), in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) ("Count Two"). (Indictment at PageID #1–2, ECF No. 1.) Peace pleaded guilty to Count One of the Indictment. (*See* ECF Nos. 15 and 17.)

The Presentence Investigation Report ("PSR") provided that Peace has an extensive criminal history, involving, among other things, drug trafficking and carrying concealed weapons. (PSR at

PageID #134–39, ECF No. 32.) He received an offense level of 34 and a Criminal History Category VI. (*Id.* at PageID #144.) On May 31, 2013, this court sentenced Defendant to 216 months' imprisonment, followed by 5 years of supervised release. (ECF No. 35.) Peace is currently serving his sentence at the United States Penitentiary in Atlanta, Georgia ("Atlanta USP") with a projected release date of May 17, 2027. (Mot. at PageID #266, ECF No. 52.) He is now 45 years old. (*Id.*)

On April 24, 2020, Peace filed the Motion considered herein, requesting compassionate release in light of the current COVID-19 public health crisis. (Mot. at PageID #265, ECF No. 52.) On April 30, 2020, the Government filed its Response in Opposition. (ECF No. 53.)

## II. LAW AND ANALYSIS

The First Step Act of 2018 amended 18 U.S.C. § 3582(c)(1)(A) to allow inmates to move for compassionate release on their own. *See* Pub. L. 115-391, Sec. 603(b)(1). Pursuant to 18 U.S.C. § 3582(c)(1)(A), this court "may reduce [an inmate's] term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C. §] 3553(a)." 18 U.S.C. § 3582(c)(1)(A). However, an inmate can only seek compassionate release from the court after: (1) he has fully exhausted all administrative rights to appeal the Bureau of Prisons' ("BOP") failure to bring a motion on his behalf, or (2) 30 days have passed since the warden of his facility received his request for the BOP to file a motion on his behalf. *See* 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Alam*, No. 15-20351, 2020 WL 1703881, at *2 (E.D. Mich. Apr. 8, 2020). This exhaustion requirement in the statute makes clear that inmates are not unrestricted in their ability to seek compassionate release from courts.

Defendant's Motion provides that he has requested compassionate release from the warden

of Atlanta USP, but that thirty (30) days have not elapsed from this request. (Mot. at PageID #267.) He urges the court to disregard the exhaustion requirement because COVID-19 threatens the lives of prisoners and he has asthma.[1] (*Id.*) The Government maintains that a sentence reduction is not appropriate because Peace has not awaited 30 days with no action from the BOP. (Opp'n at PageID #274, ECF No. 53.) The law is unclear as to whether this court has authority to waive § 3582(c)(1)(A)'s exhaustion requirement. *See Alam*, 2020 WL 1703881, at *2. Some district courts have determined that no such authority exists. *Id.* (collecting cases). However, other courts have waived the exhaustion requirement when a recognized exception applies. *See Miller v. United States*, No. CR 16-20222-1, 2020 WL 1814084, at *2 (E.D. Mich. Apr. 9, 2020). One exception is "where it would be futile, either because agency decisionmakers are biased or because the agency has already determined the issue and where pursuing agency review would subject [an inmate] to undue prejudice." *Id.* In the instant case, the futility exception applies. The Government has indicated that on April 27, 2020, the BOP advised that because of Peace's criminal history and custody classification within the BOP, it is unlikely that he will be released to home confinement. (Opp'n at PageID #273.) Given the BOP's indication that it is likely to deny Peace's request, the court finds that it would be futile to require Peace to satisfy the exhaustion requirement.

But the analysis does not end there. Indeed, after clearing the exhaustion hurdle, the defendant must show that (1) there are "extraordinary and compelling reasons" warranting release; or (2) that he is at least 70 years of age, has served at least 30 years in prison for the offense(s) for

---

[1] Peace does not provide any medical records to substantiate his condition. (*See* ECF No. 52.) However, he maintains that he is in the process of obtaining his records from the BOP. (*Id.* at PageID #267.) Nonetheless, for purposes of this Motion, the court accepts Peace's proffered medical condition.

which he is currently imprisoned, and a determination has been made by the BOP that the defendant is not a danger to the safety of any other person or the community. 18 U.S.C. § 3582(c)(1)(A). This latter showing clearly does not apply as Peace is only 45 years old and has not served 30 years in prison. Thus, Peace must demonstrate "extraordinary and compelling" reasons warranting his release. In addition, he must show that a reduction is consistent with the § 3553(a) factors. *Id.*

Defendant's Motion asserts that release is appropriate because he has asthma and therefore has a greater risk of contracting COVID-19 and suffering serious health consequences. (Mot. at PageID #267.) Guidance from the Centers for Disease Control and Prevention ("CDC") partly supports his position. Indeed, the CDC provides that people with *moderate-to-severe* asthma are uniquely susceptible to COVID-19 and have a higher risk of becoming seriously ill. *See Groups at Higher Risk for Severe Illness*, CENTERS FOR DISEASE CONTROL AND PREVENTION (May 14, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html. Nevertheless, in order to show "extraordinary and compelling" circumstances, a defendant must do more than "note that he has asthma, he is in prison, and there is a COVID-19 outbreak nationwide." *United States v. Rodriguez*, No. 16-CR-167(LAP), 2020 WL 1866040, at *4 (S.D.N.Y. Apr. 14, 2020). Rather, the defendant must show that his asthma is "moderate to severe," *United States v. Miller*, No. 18-cr-30034, 2020 WL 2093370, at *3 (C.D. Ill. May 1, 2020), that the conditions of the facility where he is being held increases his risk of contracting COVID-19, that the facility cannot adequately care for him, and that he is not a danger to the safety of any other person or to the community, *United States v. Belle*, No. 3:18-cr-117-(VAB)-1, 2020 U.S. Dist. LEXIS 78784, at *14 (D. Conn. May 5, 2020).

Some courts have granted compassionate release to defendants with asthma. *See*, *e.g.*, *United*

*States v. Hernandez*, No. 18-CR-834, 2020 WL 1684062, at *3 (S.D.N.Y. Apr. 2, 2020) (finding "extraordinary and compelling reasons" to reduce the defendant's sentence due to his asthma and the "heightened medical risk presented to [him] by the COVID-19 pandemic"); *United States v. McCarthy*, No. 3:17-CR-0230 (JCH), 2020 WL 1698732, at *5 (D. Conn. Apr. 8, 2020) (finding "extraordinary and compelling reasons" to reduce the defendant's sentence where he "suffer[ed] from COPD, asthma, and other lung-related ailments" that were "well-documented and serious" and substantially increased his risk of severe illness if he contracted COVID-19). Other courts have not. *See*, *e.g.*, *United States v. Echols*, No. 3:15-CR-125-1, 2020 U.S. Dist. LEXIS 81458, at *6 (N.D. Miss. May 8, 2020) (finding the defendant could not establish the extraordinary and compelling circumstances which would justify his compassionate release for asthma); *United States v. Rodriguez*, 2020 WL 1866040, at *4 (finding the defendant did not demonstrate extraordinary and compelling reasons to justify his release where all he did was assert that he has asthma and was in prison).

Here, Defendant has not presented evidence demonstrating that his asthma is moderate to severe or otherwise of a gravity sufficient to warrant release. (*See* Mot., ECF No. 52.) In any event, Peace fails to present evidence establishing that Atlanta USP is unable to care for him. Peace also fails to present anything more than conjecture about Atlanta USP's ability to address the COVID-19 crisis within its facility. (Mot. at PageID #269.) For example, he maintains that the structure of Atlanta USP prevents prisoners from social distancing and that Atlanta USP lacks the resources to screen and test inmates and staff for COVID-19. (*Id.*) But, as of May 14, 2020, only 1 inmate and 6 staff persons at Atlanta USP have tested positive for COVID-19. *COVID-19*, *Coronavirus*, UNITED STATES BUREAU OF PRISONS (May 14, 2020), https://www.bop.gov/coronavirus/. As the

Government points out, the BOP has implemented an action plan with prevention measures to minimize the risk and spread of COVID-19 in its facilities, (Opp'n at PageID #280), and Defendant has presented no evidence indicating that the BOP's measures are ineffective in regard to the facility at which he is being housed. Furthermore, Peace has not presented evidence showing that he does not present a danger to the community.

Consequently, the court finds that Peace has failed to demonstrate extraordinary and compelling reasons warranting compassionate release.

### III. CONCLUSION

Around the country, COVID-19 presents a serious and alarming threat to public health and safety. This threat is especially acute in prisons, where social distancing and other preventative measures may not be possible. The seriousness of this threat and the speed with which this disease spreads demands that the government do everything it can to protect all inmates. That is to say, the court takes seriously Defendant's concerns about COVID-19 and the fast-changing dynamics of the ongoing pandemic. However, the court finds that Defendant has failed to establish extraordinary and compelling circumstances which would justify his compassionate release.

Accordingly, for the foregoing reasons, the court denies Defendant's Motion (ECF No. 52).

IT IS SO ORDERED.

                                        */s/ SOLOMON OLIVER, JR.*
                                        UNITED STATES DISTRICT JUDGE

May 18, 2020